# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARCHIE RACHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-655-R |
| | ) |
| JEFFERY TROUTT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner at James Crabtree Correctional Center ("JCCC"), appearing pro se, filed a complaint under 42 U.S.C. § 1983 against Defendants, current or former employees of JCCC, for inadequate medical care, denial of a fair and adequate grievance procedure, and supervisory liability. Doc. No. 1, at 4-10. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On April 13, 2015, Judge Erwin issued a Report and Recommendation wherein he recommended that some of Plaintiff's claims be dismissed and that some Defendants be granted summary judgment on certain claims. Doc. No. 52, at 23-24. Plaintiff filed an objection to the Report and Recommendation, *see* Doc. No. 53, giving rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff specifically objects.[1]

---

[1] Defendants also objected to Judge Erwin's conclusion in the Report and Recommendation that Plaintiff is excused from exhausting his administrative remedies. Doc. No. 54. Because Plaintiff's claims fail on the merits, the Court does not address the issue of exhaustion.

## Background

Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants Jeffery Troutt, a physician at JCCC, Katryna Frech, the former Health Services Administrator, Janet Dowling, the Warden, and Felicia Harris, the librarian. Doc. No. 1, at 1-3. He brought claims for inadequate medical care against Defendants Troutt and Frech, denial of a fair and adequate grievance procedure against Defendants Frech, Dowling, and Harris, and supervisory liability against Defendant Dowling. *Id.* at 4-10.

Plaintiff alleges that he suffers from a gastrointestinal condition, acid reflux, acid indigestion, unidentified stomach problems, heart problems, high blood pressure, badly swollen feet, severe headaches, chest pains, and shoulder problems. *Id.* at 5. He asserts that most of his problems—"heartburn and major indigestion immediately after eating … almost no grip due to muscle pain in his hands … [and] leak[ing] urine on himself frequently"—did not exist prior to his arrival at JCCC. *Id.* at 6. This is because, he contends, "without any medical reasons given, Dr. Troutt has discontinued or refused to prescribe the medication Plaintiff desperately needs." *Id.* One particular treatment Plaintiff requests is a prescription for six small meals per day, which he believes, based on his experience with this treatment regimen at his prior facility, would help with his severe gastrointestinal problems. Doc. No. 53, at 9. In addition to the treatment he is receiving, Plaintiff also complains of having to wait outside in a "pill line" during periods of inclement and extreme weather. Doc. No. 1, at 5.

Defendants Troutt, Dowling, and Harris filed an Amended Motion to Dismiss/Motion for Summary Judgment. Doc. No. 35. Defendant Frech was only

recently served in this case and has not yet entered a formal appearance in this action. Doc. No. 52, at 2 n.1. The pending motions by Plaintiff are his Petition for Emergency Injunction, Doc. No. 17, Motion for Extension of Time to Conduct and Complete Discovery, Doc. No. 36, and Motion for Appointment of Expert Witness, Doc. No. 40. Judge Erwin recommends dismissing the claims against Defendant Frech on screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). Doc. No. 52, at 5-8. He also recommends dismissing Plaintiff's claim regarding his right to a grievance procedure, granting summary judgment to Defendant Troutt on Plaintiff's Eighth Amendment claim, and granting summary judgment to Defendant Dowling on Plaintiff's supervisory liability claim. *Id.* at 23-24.

## Standards of Review

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine when a reasonable jury could find in favor of the nonmoving party on the issue." *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712 (10th Cir. 2014) (citations omitted).

## Analysis

A. **Deliberate Indifference**

Plaintiff objects to Judge Erwin's conclusion that he is unable to satisfy the requirements of deliberate indifference for his Eighth Amendment claim. Doc. No. 53, at 7. Prisons officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted) (internal quotation marks omitted). "Deliberate indifference" has both an objective and a subjective component. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "The objective component is met if the deprivation is sufficiently serious," that is, "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834(1994); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837).

　　1. **Treatment**

Plaintiff asserts that he arrived at JCCC on January 29, 2014, but did not have his first appointment until February 24, 2014. Doc. No. 53, at 7. A delay in medical treatment gives rise to an Eighth Amendment violation only if the delay causes substantial harm. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2011). The substantial harm requirement can be satisfied by "lifelong handicap, permanent loss, or

4

considerable pain." *Id.* (citations omitted). Plaintiff does not direct the Court to any evidence in the record establishing substantial harm caused by this delay or that Defendants were aware of a risk of substantial harm. Therefore, he cannot base an Eighth Amendment claim on any delay in treatment.

Plaintiff further argues that at his February 24 appointment, Defendant Troutt did not conduct "any physical exam or medical testing," and did not prescribe him the "correct medication." Doc. No. 53, at 8. He contends that Judge Erwin should have considered "the contents of this 'medical diet' and Plaintiff's reason for refusing it … before automatically concluding that it was appropriate for [him]." *Id.* at 9. He also asserts that Defendant Troutt is "not a medical specialist," and only a specialist "in the specific areas regarding gastrointestinal, neurological, and cardiology expertise can accurately decide whether the care Plaintiff has been given is adequate for him." Doc. No. 53, at 11-12.

[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)). And a "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Id.* (citing *Estelle*, 429 U.S. at 105-06). "Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." *Self v. Crum*, 439 F.3d 1227,

1232 (10th Cir. 2006) (citation omitted). "A claim is therefore actionable only in cases where the need for additional treatment or referral to a medical specialist is obvious." *Id.*

Plaintiff's contentions that Defendant Troutt did not conduct an appropriate examination of him at his appointment and did not prescribe him his preferred medication do not constitute cruel and unusual punishment; they are mere disagreements with Dr. Troutt's chosen course of treatment. Plaintiff has also not convinced the Court that the need for a referral to a specialist is obvious in this case. Therefore, the undersigned will not second-guess the opinion of Dr. Troutt with regard to his treatment of Plaintiff.

   2. **Waiting Outside**

Plaintiff next argues that having to wait outside in inclement weather to receive his medication constitutes a violation of the Eighth Amendment. Doc. No. 53, at 10. He attests that "there is no shelter from bad weather for the numerous inmates who have to wait a long time in line to receive their medication at daily 'pill line.'" Doc. No. 43, Ex. 1, at 3. He argues that it is "obvious that this exposure causes a substantial risk of serious harm to a man over 70 years old in Plaintiff's physical condition," and that he has recently been diagnosed with pneumonia. Doc. No. 53, at 10.

"Mere discomfort or temporary adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment." *Whitington v. Ortiz*, 307 F. App'x 179, 187 (10th Cir. 2009) (unpublished) (citing *Hudson v. Mcmillian*, 503 U.S. 1, 9 (1992)). "[T]he deprivation must deny the minimal civilized measure of life's necessities." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (internal quotation marks omitted)). The Court does not find the risk to Plaintiff's health "so

obvious that even a layperson would easily recognize" its danger to Plaintiff. *See Sealock*, 218 F.3d at 1209. Therefore, he must point to evidence in the record documenting this risk. Although Plaintiff was diagnosed with a "possible early stage of pneumonia" in August 2014, *see* Doc. No. 33, Ex. 6, at 39, the Court finds no evidence as to its cause. Without evidence supporting the risk to Plaintiff's health from inclement weather, he has not created a genuine dispute on this issue. *See Skelton v. Bruce*, 409 F. App'x 199, 208 (10th Cir. 2010) (unpublished) ("Given the temporary nature of Mr. Skelton's exposure to inclement weather, a rational jury could not find that he faced a substantial risk of serious harm to [his] health or safety." (internal quotation marks omitted)). Accordingly, Plaintiff's Eighth Amendment claim against Defendant Frech is dismissed for lack of personal participation, *see* Doc. No. 52, at 5-6, and Defendant Troutt is granted summary judgment on this claim.

### B. Supervisory Liability

Plaintiff attempts to impose supervisory liability on Defendants Frech and Dowling.[2] He argues that Dowling "had been well aware of the long history of inmate grievances and lawsuits against Dr. Troutt and Katryna Frech, but had refused to take corrective action." Doc. No. 53, at 10-11. He also contends that Frech was the Health

---

[2] In his complaint, Plaintiff brought a claim of supervisory liability against only Defendant Dowling. Doc. No. 1, at 7. In the Report and Recommendation, Judge Erwin noted that "Plaintiff's specific allegations regarding Defendant Frech pertain only to Plaintiff's attempts to utilize the grievance process or to conduct medical research in the law library, and not to his medical care." Doc. No. 52, at 5 (citations omitted). Based on these allegations, he recommends dismissing Plaintiff's Eighth Amendment claim against Defendant Frech for lack of personal participation. *Id.* at 6. In his objection, Plaintiff disagreed with Judge Erwin's characterization of his allegations against Defendant Frech, and supplied additional allegations related to Frech's supervisory role at JCCC. *See* Doc. No. 53, at 2-3. It is for this reason that the undersigned includes Plaintiff's objections related to Defendant Frech in the Section on supervisory liability.

Services Administrator at JCCC and was responsible for scheduling inmate appointments with physicians, the requirement that inmates wait outside in the "pill line" to get their medication, and the Health Services budget, and she also influenced Defendant Troutt's decision to change Plaintiff's medical treatment. *Id.* at 2-3.

As noted by Judge Erwin, supervisory liability requires a finding of liability by the subordinate. *See Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir. 2009) (finding no supervisory liability "when there was no underlying constitutional violation" by any of the subordinates). Because the Court has determined that there was no underlying constitutional violation in this case, there can also be no supervisory liability against Defendants Frech or Dowling. Defendant Dowling is granted summary judgment on Plaintiff's claim of supervisory liability.

### C. Right to a Fair and Adequate Grievance Process

Plaintiff objects to Judge Erwin's conclusion that he has no protected liberty interest under the Due Process Clause of the Fourteenth Amendment to a fair and adequate state administrative grievance process. Doc. No. 53, at 3. He directs the Court to an Oklahoma statute, OKLA. STAT. ANN. tit. 57, § 566.3(G)(1) (West), that authorizes the Department of Corrections ("DOC") and each sheriff to adopt a grievance procedure. The Court agrees with Judge Erwin's conclusion that "there is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) (citation omitted). "Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process." *Id.* (citations omitted).

Plaintiff argues that he has brought "a state law claim per 28 U.S.C. 1367." Doc. No. 53, at 3. Section 1367 addresses supplemental jurisdiction and does not provide Plaintiff with a cause of action under § 566.3. Moreover, the language in § 566.3 appears only to authorize the Department of Corrections to institute a grievance procedure, and not to mandate a particular type of procedure, or any procedure at all.[3] Because Plaintiff does not state a federal due process claim, nor does he direct the Court to any authority supporting his contention that he has a private right of action under § 566.3 for Defendants' failure to provide him with an adequate grievance procedure, this claim is dismissed.

**D. Discovery**

Plaintiff asserts that Judge Erwin did not permit him to complete discovery. Doc. No. 53, at 5. One of two specific objections he makes in this regard is the fact that he has not received responses to discovery he served on Defendants' attorney "months ago." *Id.* at 3. Instead of raising this issue in an objection to the Report and Recommendation, Plaintiff should have filed a motion to compel when the matter was still before Judge Erwin. Having failed to do so, he has waived this objection. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.") (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

---

[3] *See* § 566.3(G)(1) ("The Department of Corrections and each sheriff is hereby *authorized* to adopt a grievance procedure at its institutions for receiving and disposing of any and all grievances by prisoners against the Department of Corrections…. All such grievance procedures, including the prisoner disciplinary process, shall be deemed to be the exclusive internal administrative remedy for complaints and grievances." (emphasis added)).

Plaintiff also objects to Judge Erwin's recommendation that his motion for the Court to appoint an expert medical witness be denied. Doc. No. 53, at 8-9. He seeks to have this expert examine him and recommend appropriate testing, medication, and treatment. *Id.* Even if the Court were to grant this request, and the physician returned with a recommendation that differed from Plaintiff's current course of treatment, this information would still not create a genuine dispute of fact on the subjective component of deliberate indifference. Merely because another physician would recommend a different course of treatment does not mean that Defendants knew of and disregarded an excessive risk to Plaintiff's health. *See Perkins*, 165 F.3d at 1477 ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (citing *Estelle*, 429 U.S. at 105-06)). This motion, Doc. No. 40, is therefore denied.

### E. Special Report

Plaintiff next contends that the Special Report contained perjured statements, and therefore the Magistrate Judge's reliance on any information contained therein was improper. Doc. No. 53, at 5. With regard to the claims dismissed for failure to state a claim, the information contained within the Special Report is irrelevant because, for this analysis, the Court considers only the facts as alleged. *Kay*, 500 F.3d at 1217. Regarding the claims for which summary judgment was granted, Plaintiff cannot create a genuine dispute by stating that information contained within the Special Report is false; rather, he must put forth evidence creating a genuine dispute. *See Macon*, 743 F.3d at 712. Absent

such evidence, granting summary judgment based on information contained in the Special Report is appropriate.

Finally, Plaintiff argues that the "specific DOC medical policies and protocols for the above medical conditions were not included in the self-serving Special Report," and that this prejudiced him because, as Judge Erwin noted, "deviation from such guidelines or protocol could arguably support a finding of deliberate indifference in some instances." Doc. No. 53, at 12. The Court agrees with Judge Erwin's conclusion that such documents are unnecessary because "Plaintiff's medical records establish that he has received consistent, adequate medical care for purposes of the Eighth Amendment." Doc. No. 52, at 22. Plaintiff's motion to extend discovery, Doc. No. 36, is denied.

## Conclusion

In accordance with the foregoing, Plaintiff's motion for a preliminary injunction [Doc. No. 17] is DENIED; Defendants' Amended Motion to Dismiss/Motion for Summary Judgment [Doc. No. 35] is GRANTED; Plaintiff's Motion for Extension of Time to Conduct and Complete Discovery [Doc. No. 36] is DENIED; Plaintiff's Motion for Appointment of Expert Witness [Doc. No. 40] is DENIED; and the Report and Recommendation [Doc. No. 52] is ADOPTED to the extent consistent herewith.

Plaintiff's claim regarding his right to a grievance procedure is dismissed; Defendant Troutt is granted summary judgment on Plaintiff's Eighth Amendment claim; Plaintiff's Eighth Amendment claim against Defendant Frech is dismissed; and Defendant Dowling is granted summary judgment on Plaintiff's supervisory liability claim. Because Plaintiff's claims fail on the merits, the Court does not address whether he

has exhausted his administrative remedies, or if he is excused from the exhaustion requirement.[4]

IT IS SO ORDERED this 27th day of May, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] *See Trevino v. Jones*, No. 06-CV-0257-CVE-FHM, 2007 WL 710213, at *4 (N.D. Okla. Mar. 6, 2007) ("PLRA exhaustion is not jurisdictional. A district court may dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact exhaust available administrative remedies." (quoting *Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (internal quotation marks omitted)).