# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ARCHIE RACHEL, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-655-R |
| JEFFREY TROUTT, D.O; KATRYNA FRECH, RN; JANET DOWLING, Warden; and FELICIA HARRIS, Law Librarian; ALL SUED IN BOTH THEIR OFFICIAL and INDIVIDUAL CAPACITIES, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Archie Rachel, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court are Plaintiff's Motions for Emergency Injunction (ECF No. 17) and Motion to Expedite Doc. 17 (ECF No. 77). Defendants have responded (ECF No. 93). For the following reasons, it is recommended that Plaintiff's motions be **DENIED** as moot.

## I. BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. Plaintiff's complaint alleges that defendants have been deliberately indifferent to his serious medical needs in violation of the Eight Amendment. Plaintiff contends Dr. Troutt discontinued all his medications for stomach and chest pains upon his transfer into JCCC. Plaintiff seeks

prospective injunctive relief in the form of an order to Defendants requiring them to send him to a medical specialist for examination and then to prescribe whatever medications the specialist suggests.

## II. ANALYSIS

Since filing this Motion, Plaintiff has been transferred to Cimarron Correctional Facility (CCF). Plaintiff's motion for injunctive relief pertains to alleged constitutional violations by a single defendant, Dr. Troutt. Plaintiff seeks prospective injunctive relief in the form of an order directed to Dr. Troutt, who is employed at a facility where Plaintiff is no longer incarcerated. Accordingly, this Court must determine whether Plaintiff's transfer mooted his claim for injunctive relief. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1113-14 (10th Cir. 2016) (internal quotations and citations omitted).

### A. The Mootness Doctrine

"The crux of the mootness inquiry in an action for prospective relief is whether the court can afford meaningful relief that will have some effect in the real world." *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012) (internal citations and quotations omitted). When prospective equitable relief is requested, the requesting party must show an ongoing, personal stake in the outcome of the controversy, a likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (*citing O'Shea v. Littleton*, 414

U.S. 488, 502 (1974)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea*, 414 U.S. at 495–96.

A claim will be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted). Because Plaintiff is no longer at JCCC and no longer under the care of Defendant Troutt, granting Plaintiff's motion for injunctive relief would have no effect in the real world, nor would it affect the behavior of the Defendant Troutt toward the Plaintiff. Accordingly, absent a narrow exception to the doctrine of mootness, Plaintiff's motion for emergency injunction is moot.

### B. Exception to Mootness

A narrow exception to the mootness doctrine is available for a special category of disputes that are "'capable of repetition'" while "'evading review.'" *Turner v. Rogers*, 534 U.S. 431, 439 (2011) (*quoting Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). A dispute falls into that category, and a case based on that dispute remains live, if "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Id.* at 220 (*quoting Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). But "a mere physical or theoretical possibility" that the complaining party may be subjected to the same action again is insufficient to satisfy the second prong of the test. *See Murphy v. Hunt*, 455 U.S. 478, 479 (1982). Rather, there must be a "reasonable expectation" or a

3

"demonstrated probability" that the same controversy will recur involving the same complaining party. *Id.* (*quoting Weinstein v. Bradford, supra*, at 149); *see also Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that a prisoner's transfer moots his request for injunctive relief for denial of access to courts in the facility from which he was transferred); *Beyah v. Coughlin*, 789 F.2d 986, 988 (2nd Cir. 1986) (holding similarly in the context of alleged deprivations of constitutional rights); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding similarly in the context of inadequate conditions of confinement); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (concluding that a prisoner's argument that "there is no assurance that he will not be returned to the [first] jail" is not a defense to mootness).

The record reflects that, ironically, Plaintiff actually wants to be transferred back to JCCC (ECF No. 85). His request calls into question his claims of deliberate indifference to his serious medical needs. Moreover, prisoners have no constitutional right to placement in a particular penal institution. *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992). Accordingly, Plaintiff's requested injunctive relief does not fall within the narrow exception to mootness, and the motion for emergency injunction should be denied as moot.

## RECOMMENDATION

Because Plaintiff is no longer incarcerated at JCCC and, thus, no longer under the care of Dr. Troutt, therefore Plaintiff's Motion for Emergency Injunction **(ECF No. 17),** and his Motion to Expedite **(ECF No. 77)** should both be **DENIED AS MOOT**.

4

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **August 22, 2016**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **DOES NOT DISPOSE OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

ENTERED on August 3, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE