IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ARCHIE RACHEL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-14-655-R |
|  | ) |  |
| JEFFREY TROUT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon Erwin recommending that Defendants' dispositive motions be GRANTED [Doc. 111]. Plaintiff Archie Rachel has objected [Doc. 114]. The Court reviews the Report and Recommendation de novo in light of Plaintiff's objections.

Mr. Rachel, a 71-year-old state prisoner who suffers from various medical conditions, sues under 42 U.S.C. § 1983 alleging that: (1) he routinely had to wait outdoors in adverse conditions to receive his medications; (2) he received inadequate care from the prison's medical staff, and (3) the prison's grievance procedure was unfair. He argues this violated his Eighth Amendment right to be free from cruel and unusual punishment and his right to an appropriate state-law grievance procedure. For the reasons that follow, Defendant Frech's Motion to Dismiss [Doc. 97] is GRANTED; Defendants Trout's, Dowling's, and Harris's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 104] is GRANTED; and the Magistrate's Report and Recommendation

1

[Doc. 111] is ADOPTED. In addition, the Court DENIES AS MOOT Plaintiff's Motion for Leave to File a Supplemental Objection [Doc. 115].

## Discussion

This case comes to the Court on remand from the Tenth Circuit. Mr. Rachel, who was then confined at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma, named four Defendants in his Complaint filed in June of 2014: (1) Katryna Frech (former Correctional Health Services Administrator at JCCC), (2) Jeffrey Troutt (former Chief Medical Officer at JCCC), (3) Janet Dowling (former Warden at JCCC), and (4) Felicia Harris (prison librarian at JCCC). His first cause of action alleged that Mr. Troutt and Ms. Frech were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. His second cause of action sought to impose "supervisor liability" upon Dowling and Frech for overseeing the allegedly unconstitutional conduct. Finally, Mr. Rachel's third cause of action argued that Dowling, Frech, and Harris denied his state law right to a fair and adequate grievance procedure. This Court granted Defendants' dispositions by Order dated May 27, 2015 [Doc. 55]. In doing so, the Court also denied Plaintiff's Motion for Extension of Time to Conduct and Complete Discovery [Doc. 36]. On appeal, the Tenth Circuit held that the refusal to grant an extension was an abuse of discretion and reversed and remanded. *Rachel v. Troutt*, 820 F.3d 390, 392–93 (10th Cir. 2016)]. But—and for purposes of the present motions before the Court—the Tenth Circuit also affirmed the district court's granting of summary judgment in favor of Defendants on Mr. Rachel's claim alleging he was deprived of an appropriate state-law grievance procedure. *Id.* at 398. So as it stands before the Court

today, only Mr. Rachel's first two causes of action remain at issue: (1) the Eighth Amendment deliberate-indifference claims against Troutt and Frech, and (2) the Eighth Amendment supervisory-liability claims against Dowling and Frech. Because the Tenth Circuit affirmed the Court's granting of summary judgment against Mr. Rachel on his state-law-grievance claim, it is no longer at issue.

The Magistrate recommended dismissing all claims against Defendants in their official capacities. That determination was correct. Defendants cannot provide injunctive relief because Mr. Rachel is no longer housed at JCCC. And the Eleventh Amendment bars Mr. Rachel's claims for monetary damages against Defendants in their official capacity.

As Mr. Rachel's claims for monetary damages against Defendants in their individual capacity, the Court granted summary judgment for the Defendants, to which Mr. Rachel raises several objections. His objections though are merely reiterations of his Complaint and earlier filings in this case that argued Troutt, Frech, and Dowling were deliberately indifferent to his medical needs. But as the Magistrate explained in his Report and Recommendation, Mr. Rachel fails in several ways to create a genuine issue of fact as to Eight Amendment liability for any of these Defendants.

First, he failed to demonstrate that his delay in medical treatment led to any substantial harm. Second, the record shows that any complaints he had with his medical diagnosis and prescribed treatment and medications were merely disagreements and did not rise to the level of a constitutional violation. Third, he failed to demonstrate his having to wait outside in the JCCC's "pill-line" to receive his medication qualified as an easily recognizable risk that Defendants should have been aware. Fourth, because the record

3

shows that Mr. Rachel suffered no deliberate indifference at the hands of Defendants, his claims for supervisory liability against Frech and Dowling have no legs on which to stand.

Finally, Mr. Rachel has also filed a Motion for Leave to file a Supplemental Objection [Doc. 115]. In it, he challenges the Magistrate's Judge's conclusion that the claims against Harris should be dismissed as moot. That conclusion, though, was correct. The Tenth Circuit affirmed the Court's granting of summary judgment on Mr. Rachel's third cause of action regarding his access to an appropriate state-law-grievance procedure. As the Magistrate correctly explained, the allegations against Harris all stemmed from her involvement in this alleged failure to provide a fair grievance policy. Because that claim is no longer at issue, any allegations against Harris must be dismissed as moot.

In conclusion, it is ORDERED that

- The Report and Recommendation of United States Magistrate Judge [Doc. 111] is ADOPTED.
- Defendant Frech's Motion to Dismiss (Doc. 97) is GRANTED.
- Defendants Troutt's, Dowling's, and Harris's Motion to Dismiss or for Summary Judgment (Doc. 104) is GRANTED.
- Plaintiff's Motion for Leave to File a Supplemental Objection [Doc. 115] is DENIED as moot.

IT IS SO ORDERED this 21st day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE